IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SUSANNE GANN | ) | |
| and DARREN REMINGTON | ) | |
| | ) | |
| v. | ) | NO. 3:14-1609 |
| | ) | |
| BRIAN G. KOLFAGE, SR., et al. | ) | |

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 20, 2016 (Docket Entry No. 162), the Court referred the above captioned action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motions filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is the motion for judgment on the pleadings (Docket Entry No. 151) of Defendant Scott Kuhnen. For the reasons set out below, the Court recommends that the motion be granted.

# I. FACTUAL BACKGROUND

Susanne Gann ("Gann") and Darren Remington ("Remington") (hereinafter referred to collectively as "Plaintiffs") are Tennessee citizens who reside together. They filed this *pro se* lawsuit on August 7, 2014, *see* Docket Entry No. 1, and subsequently filed an amended complaint on September 12, 2014 (Docket Entry No. 13). Seeking millions of dollars in damages, Plaintiffs allege that they have been harassed, intimidated, threatened, and legally wronged by Brian G. Kolfage, Sr. ("Kolfage Sr."), Brian G. Kolfage, Jr. ("Kolfage Jr."), Ashley Kolfage ("A. Kolfage"), Scott Kuhnen ("Kuhnen"), and Logan Elia ("Elia"), all of whom are named as defendants and none of whom are residents of Tennessee.[1] Kolfage, Jr., and A. Kolfage are husband and wife, and Kolfage, Sr., is the father of Kolfage, Jr.[2]

Plaintiffs allege that Remington and Kolfage, Jr., are both veterans of the United States military. Kolfage, Jr., is a triple amputee who was injured in combat and whose story has garnered national media attention. Plaintiffs allege that both men also have an active presence on the internet through involvement with web sites, Facebook, social media, and internet communities. *See* Amended Complaint at ¶¶ 15-46. Remington disagrees with many of the things posted on the internet by Kolfage, Jr., particularly on issues related to the military and politics, Kolfage, Jr.'s own personal history, or Kolfage, Jr.'s present day activities, believing them to be false, deceptive, seditious, and generally unbefitting of a military veteran. *Id*. Plaintiffs assert that, in early 2014, Remington posted a comment to an internet Facebook site of Kolfage, Jr., and also sent an e-mail

---

[1] Defendant Kuhnen is a resident of North Carolina. Defendant Kolfage, Sr., is a resident of Michigan. The remaining Defendants are residents of Arizona.

[2] The Court shall refer to the five defendants collectively as "Defendants" and to Defendants A. Kolfage, Kolfage, Jr., and Kolfage, Sr., as the "Kolfage Defendants."

intended for Kolfage, Sr., in which Remington suggested that Kolfage, Sr., and others cease harassment and bullying of another individual. *See* Amended Complaint at ¶¶ 69-73. Plaintiffs allege that, after these two internet interactions, they began to experience a campaign of internet harassment conducted and orchestrated by the Kolfage Defendants. *Id*. at ¶ 75. Examples of this alleged harassment include: making defaming and threatening internet posts; encouraging others to harass Plaintiffs; the creation of fake pages or accounts on Facebook and LinkedIn that were used to either impersonate Plaintiffs, disparage or defame them, or make harassing Facebook posts against them; hacking Plaintiffs' Facebook accounts; publically posting on the internet Plaintiffs' home address, telephone numbers, full legal name, pictures, and other "personal, sensitive information;" and attempting to have Remington fired from his employment through the use of the wrongfully obtained information and through incendiary internet posts falsely attributed to Remington. *Id*. at ¶¶ 46, 50, 52-54, 56-61, and 74.[3] Plaintiffs assert that this campaign of harassment caused them to file a criminal complaint against the Kolfage Defendants with the Davidson County, Tennessee police department. *Id*. at ¶ 81. The Amended Complaint does not aver the outcome of the criminal complaint.

Plaintiffs further allege that, on September 5, 2014, Defendant Kuhnen published defamatory material about Remington on an internet blog, which they contend put Remington in a false light, accused him of criminal conduct, and infringed upon his copyright. *Id*. at ¶ 87. Plaintiffs allege that Kuhnen colluded with Kolfage, Jr., and acted as his proxy in publishing the defamatory material and did so "on behalf of, and of benefit to Kolfage, Jr." *Id*. at ¶ 88.

---

[3] Plaintiffs allege that other individuals were also the victims of harassment at the hands of the Kolfage Defendants. *See* Amended Complaint at ¶¶ 62-66. The motions of two individuals to intervene in this action as plaintiffs have been denied. *See* Docket Entry Nos. 87 and 197.

The instant lawsuit was not the only lawsuit to be filed about the vitriolic internet interactions between the Kolfage family, Plaintiffs, and other individuals. Prior to the instant lawsuit being filed, Kolfage, Jr., and A. Kolfage filed a state court lawsuit in Arizona on June 13, 2014, that was later removed to the United States District Court for the District of Arizona ("Arizona Case") and in which they alleged that Remington and six other individuals had engaged in internet harassment against them that was similar in kind to the harassment alleged by Plaintiffs in the instant action. *See Kolfage, et al. V. Caponecchia, et al.*, 2:14-1638. The Kolfages brought claims of defamation, intentional infliction of emotional distress, false light, and tortious interference against Remington and the six other defendants named in the Arizona Case. The Arizona Case was resolved via settlement agreements, orders granting motions to dismiss, and the entry of voluntary dismissal of certain defendants.

The Arizona Case was filed on the Kolfages' behalf by Defendant Elia, an attorney licensed to practice in Arizona. Plaintiffs Remington and Gann assert that Elia furthered and facilitated the campaign of harassment against them by filing the Arizona Case and also attempted to "try the [Arizona case] in the media instead of in court" by discussing the Arizona Case on multiple internet news and other sites and by providing a copy of the complaint to the Arizona news media. *See* Amended Complaint at ¶¶ 79 and 82-84.

## II. PROCEDURAL BACKGROUND

Plaintiffs bring eleven causes of action in their lawsuit: 1) civil conspiracy; 2) false light; 3) defamation; 4) tortious interference of a business relationship; 5) harassment; 6) intentional infliction of emotional distress; 7) misuse of private information; 8) impersonation; 9) copyright;

4

10) abuse of process; and 11) unauthorized access to computer systems. *See* Amended Complaint at ¶¶ 89-151. Subsequent to the filing of the lawsuit, a flurry of assorted motions were filed, including motions by Defendants to dismiss the action because of the absence of personal jurisdiction over them. *See* Docket Entry Nos. 3, 35, and 38. By Order entered July 20, 2015 (Docket Entry No. 97) ("July 20, 2015 Order"), the Court found that personal jurisdiction existed over Defendants and denied the motions to dismiss to the extent that Defendants raised the defense of lack of personal jurisdiction. Defendant Elia's argument for dismissal based on absolute privilege was denied without prejudice. The Court also granted Plaintiffs' motion to stay and administratively closed the action in light of the Arizona Case that was then pending. All other motions that were pending at the time the stay was entered were denied without prejudice.

By Order entered November 23, 2015 (Docket Entry No. 104), the Court granted Plaintiffs' motion to reopen the action in light of the conclusion of the proceedings in Arizona. Subsequent to the reopening of the action, another flurry of motions were filed. Except for, 1) the pending dispositive motion at issue and a separate pending dispositive motion, and, 2) Defendants' motion for the Court to reconsider the July 20, 2015 Order to the extent that the Court denied the motions to dismiss for lack of personal jurisdiction, *see* Docket Entry Nos. 111 and 120, all motions pending in the action have been addressed. *See* Orders entered August 31, 2016 (Docket Entry Nos. 195-198).[4]

---

[4] Because the motions to reconsider seek reconsideration of an order of the District Judge on the dispositive legal issue of personal jurisdiction, the motions have been reserved for consideration of the District Judge in this action.

5

## III. MOTION FOR JUDGMENT ON THE PLEADINGS
## OF DEFENDANT KUHNEN (Docket Entry No. 151)

Defendant Kuhnen currently proceeds *pro se*. He seeks judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure arguing that Plaintiffs' allegations fail to state claims against him upon which relief can be granted. Defendant Kuhnen specifically argues that the allegations in the Amended Complaint with respect to the claims of defamation, false light, copyright infringement, and civil conspiracy fail to support claims upon which relief can be granted. *See* Memorandum in Support (Docket Entry No. 152) at 5-13. Defendant Kuhnen also argues that Plaintiff is barred from seeking relief against him under the doctrines of *res judicata* and *collateral estoppel* because of the resolution of the Arizona Case. *Id*. at 14-16.

In response, Plaintiffs argue that Defendant Kuhnen relies on matters outside the pleadings by referring to the Arizona Case and, thus, the motion for judgment on the pleadings is converted to a motion for summary judgment pursuant to Rule 12(d), which Plaintiffs argue is a motion that is not ripe for consideration. *See* Response in Opposition (Docket Entry No. 173) at 2. Plaintiffs also argue that Defendant Kuhnen improperly relies on the legal doctrine of "fair use" in disputing the copyright claim because the fair use defense was not affirmatively pled in Defendant Kuhnen's answer and is, further, a matter that raises a factual issue. *Id*. Finally, Plaintiffs argue that the facts they have pled are sufficient to support their claims or, at the very least, their allegations raise factual disputes that cannot be resolved on a motion under Rule 12(c). *Id*. at 2-3.

As an initial matter, Plaintiffs are incorrect that consideration of the Arizona Case requires conversion of Defendant Kuhnen's motion to a motion for summary judgment under Rule 12(d). In ruling on a motion brought under Rule 12(b)(6) or Rule 12(c), the Court may consider public

6

filings and matters of the public record without implicating the conversion requirement of Rule 12(d). *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (in ruling on a Rule 12(b)(6) motion, the court may "consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies"); *Vaughn v. Metro. Gov't of Nashville & Davidson Cty.*, 2014 WL 234200, *3 (M.D. Tenn. Jan. 22, 2014) (Trauger, J.); *Lee v. Dell Products, L.P.*, 236 F.R.D. 358, 361 (M.D. Tenn. 2006).

The "standard of review for entry of judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Rule 12(b)(6)." *Jackson v. Heh*, 215 F.3d 1326, *3 (6th Cir. 2000). For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the

doors of discovery for a Plaintiff armed with nothing more than conclusions." *Iqbal*, 566 U.S. at 678-79.

The entirety of the allegations set out in the Amended Complaint against Defendant Kuhnen are as follows:

> Under information and belief, in addition to his autonymous (sic) Facebook profile . . . , Kuhnen operates a political Facebook "community" page . . . , and two political web sites . . . .
>
> On September 5, 2014, Kuhnen published defamatory material about Remington to the "Red Square" blog . . . and to the "Citizens News" website . . . . This is the same defamatory material as previously published by Kolfage, Jr., which puts Remington in a False Light and infringes Remington's copyright. The material published by Kuhnen alleges criminal conduct by Remington. This is defamatory *per se*.
>
> Under information and belief, Kuhnen colluded with Kolfage, Jr., and published said defamatory material as Kolfage, Jr.'s, proxy, to shield Kolfage, Jr., from further scrutiny. Kuhnen published the defamatory material on behalf of, and of benefit to, Kolfage, Jr.

*See* Amended Complaint at ¶¶ 87-88. After full consideration of Defendant Kuhnen's motion, Plaintiffs' response, and Defendant Kuhnen's reply (Docket Entry No. 199), the Court finds that the motion should be granted and this action should be dismissed as to Defendant Kuhnen.

The Amended Complaint contains no allegations implicating Defendant Kuhnen in any conduct related to Plaintiff Gann and, thus, Gann fails to state a claim for relief against Defendant Kuhnen.

The factual allegations against Defendant Kuhnen also do not implicate him in the fourth, fifth, sixth, seventh, eighth, tenth, and eleventh causes of action set out in the Amended Complaint and, thus, these causes of action are not viable and factually supported claims for relief against Defendant Kuhnen.

As to the remaining claims of civil conspiracy, defamation, false light, and copyright infringement, the Court finds that Plaintiff Remington's allegations fail to state claims for relief that survive the motion to dismiss. "An actionable civil conspiracy is a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff." *Trau–Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 703 (Tenn. 2002). A conspiracy claim must be pled with some degree of specificity. *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn.Ct.App. 2002). Conclusory allegations unsupported by material facts will not be sufficient to state such a claim. *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn.Ct.App. 2006). Plaintiff Remington's civil conspiracy claim is unsupported by any factual allegations whatsoever. The allegations that Kuhnen "colluded" with Kolfage, Jr., acted as his "proxy," and acted "on behalf of" or "to benefit" of Kolfage, Jr., are conclusory, speculative, and self-serving. Such allegations fail to support a civil conspiracy claim upon which relief can be granted. *Kincaid*, *supra*.

Similarly, Plaintiff Remington's allegation that Kuhnen published material that was defamatory and placed him in a false light is essentially a legal conclusion couched as a factual allegation, which is not sufficient to state a claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Fritz*, 592 F.3d at 722. Furthermore, it is for the Court to determine as a matter of law whether the material at issue is capable of being understood as defamatory. *Memphis Pub. Co. v. Nichols*, 569 S.W.2d 412, 419 (Tenn. 1978). Although Plaintiff Remington refers to web sites where the alleged material was published and

9

contends that the material "alleges criminal conduct by Remington,"[5] the alleged offending statement is not set out in, or even apparent from, the Amended Complaint. Accordingly, these claims warrant dismissal. *See Brindley v. Philips Elecs. N. Am. Corp.*, 2011 WL 2938436, *5 (M.D. Tenn. July 19, 2011) (Trauger, J.) (defamation claim dismissed because it was entirely unclear from the amended complaint "what the specific alleged false and defamatory statement was"). Plaintiff Remington's defamation and false light claims rely upon speculation and upon Remington's self-serving conclusion as to the nature and content of the underlying factual statement at issue. However, speculative supporting allegations of this type fail to support a claim for relief. *See Twombly*, 550 U.S. at 555.

Plaintiff Remington's final claim is a claim for copyright infringement against Defendant Kuhnen. *See* Amended Complaint at ¶¶ 140-143. Generally, a claim of copyright infringement has two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Like the aforementioned claims that warrant dismissal, the copyright infringement claim is also unsupported by sufficient allegations to state a claim for relief. First, the Amended Complaint contains only vague factual allegations concerning this claim. Indeed, it is entirely unclear from the Amended Complaint exactly what material Plaintiff Remington alleges is protected by the Copyright Act and how Defendant Kuhnen infringed upon this protection. This claim comes nowhere close to being pled with the "greater particularity" required for a copyright

---

[5] Although Remington contends that he was defamed *per se,* Tennessee does not recognize a distinction for *per se* libel. *Memphis Pub. Co. v. Nichols*, 569 S.W.2d 412, 419 (Tenn. 1978); *Gallagher v. E.W. Scripps Co.*, 2009 WL 1505649, *6 (W.D. Tenn. May 28, 2009).

infringement claim. *See Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 Fed.App'x 509, 512 (6th Cir. 2008).

Additionally, and significantly, Plaintiff has not pled facts showing that he has satisfied the registration requirement necessary for him to bring a civil action for copyright infringement. 17 U.S.C. § 411; *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157-58, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010) (copyright registration is a precondition to filing a federal lawsuit). This failure requires dismissal of his claim. *See Schenck v. Orosz*, 2013 WL 5963557, *7 (M.D.Tenn. Nov. 7, 2013) (Trauger, J.) (acknowledging authority holding that claims premised on unregistered copyrights must be dismissed); *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, 2010 WL 3872802, *4 (M.D. Tenn. Sept. 28, 2010) (Nixon, J.) (plaintiff's allegations that unregistered works were infringed failed to state a claim for relief under Copyright Act).

Because the Court finds that the motion for judgment on the pleadings should be granted due to the failure of the Amended Complaint to include factual allegations that are sufficient to support the claims brought against Defendant Kuhnen, it is not necessary for the Court to address Defendant Kuhnen's alternative arguments in support of his motion.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for judgment on the pleadings (Docket Entry No. 151) of Defendant Scott Kuhnen be GRANTED and that the claims against Defendant Kuhnen be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              BARBARA D. HOLMES
                                              United States Magistrate Judge