IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUSANNE GANN ) | |
| and DARREN REMINGTON ) | |
| ) | |
| v. ) | NO. 3:14-1609 |
| ) | |
| BRIAN G. KOLFAGE, SR., et al. ) | |

TO:   Honorable Waverly D. Crenshaw, Jr., District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 20, 2016 (Docket Entry No. 162), the Court referred the above captioned *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court are two motions filed by Defendants Logan Elia, Ashley Kolfage, Brian G. Kolfage, Jr., and Brian G. Kolfage: 1) a motion to reconsider (Docket Entry No. 120) a prior Order of the Court in the case, and, 2) a motion to dismiss (Docket Entry No. 142). For the reasons set out below, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion to reconsider (Docket Entry No. 120) of Defendants Logan Elia, Ashley Kolfage, Brian G. Kolfage, Jr., and Brian G. Kolfage, Sr., be DENIED and the motion to dismiss (Docket Entry No. 142) of Defendants Logan Elia, Ashley Kolfage, Brian G. Kolfage, Jr., and Brian G. Kolfage, Sr., be GRANTED IN PART AND DENIED IN PART.[1]

---

[1] As to the claims brought against Defendant Logan Elia, the undersigned Magistrate Judge respectfully recommends that the motion to dismiss be GRANTED and these claims be DISMISSED WITH PREJUDICE. As to the claims of Plaintiff Darren Remington against Defendants Ashley Kolfage and Brian G. Kolfage, Jr., recommendation is respectfully made that the motion to dismiss

# I. FACTUAL BACKGROUND

Susanne Gann ("Gann") and Darren Remington ("Remington") (hereinafter referred to collectively as "Plaintiffs") are Tennessee citizens who reside together. They filed this *pro se* lawsuit on August 7, 2014, *see* Docket Entry No. 1, and subsequently filed an amended complaint on September 12, 2014. *See* Docket Entry No. 13. Seeking millions of dollars in damages, Plaintiffs allege that they have been harassed, intimidated, threatened, and legally wronged by Brian G. Kolfage, Sr. ("Kolfage Sr."), Brian G. Kolfage, Jr. ("Kolfage Jr."), Ashley Kolfage ("A. Kolfage"), Scott Kuhnen ("Kuhnen"), and Logan Elia ("Elia"), all of whom are named as defendants and none of whom reside in Tennessee.[2] Kolfage, Jr., and A. Kolfage are husband and wife, and Kolfage, Sr., is the father of Kolfage, Jr.[3]

Plaintiffs asserts that Remington and Kolfage, Jr., are both veterans of the United States military. Kolfage, Jr., is a triple amputee who was injured in combat and whose story has garnered national media attention. Plaintiffs allege that both men also have an active presence on the internet through involvement with web sites, Facebook, other social media, and internet communities. *See* Amended Complaint at ¶¶ 15-46. Remington disagrees with many of the things Kolfage, Jr., posts on the internet, particularly on issues related to the military, politics, Kolfage, Jr.'s own personal

---

be GRANTED and these claims be DISMISSED WITH PREJUDICE. Finally, recommendation is respectfully made that the motion to dismiss be DENIED in all other respects. If this Report and Recommendation is adopted, the claims remaining in the action would consist of Plaintiff Remington's claims against Defendant Kolfage, Sr., and Plaintiff Gann's claims against the Kolfage Defendants.

[2] It appears that Defendant Kuhnen is a resident of North Carolina, Defendant Kolfage, Sr., is a resident of Michigan, and Mr. and Mrs. Kolfage are residents of Arizona.

[3] The Court shall refer to the five defendants collectively as "Defendants" and to Defendants A. Kolfage, Kolfage, Jr., and Kolfage, Sr., as the "Kolfage Defendants."

history, and Kolfage, Jr.'s present day activities, believing them to be false, deceptive, seditious, and generally unbefitting of a military veteran. *Id*. Plaintiffs assert that, in early 2014, Remington posted a comment to the Facebook page of Kolfage, Jr., and also sent an e-mail intended for Kolfage, Sr., in which Remington suggested that Kolfage, Sr., and others cease harassment and bullying of another individual. *Id*. at ¶¶ 69-73. Plaintiffs allege that, after these two internet interactions, they began to experience a campaign of internet harassment conducted and orchestrated by the Kolfage Defendants. *Id*. at ¶ 75. Examples of this alleged harassment include: defaming and threatening internet posts; encouraging others to harass Plaintiffs; the creation of fake pages or accounts on Facebook and LinkedIn that were used to either impersonate Plaintiffs, disparage or defame them, or make harassing Facebook posts against them; hacking Plaintiffs' Facebook accounts; publically posting on the internet Plaintiffs' home address, telephone numbers, full legal names, pictures, and other "personal, sensitive information;" and attempting to have Remington fired from his employment through the use of the wrongfully obtained information and through incendiary internet posts falsely attributed to Remington. *Id*. at ¶¶ 46, 50, 52-54, 56-61, and 74.[4] Plaintiffs assert that this campaign of harassment caused them to file a criminal complaint against the Kolfage Defendants with the Davidson County, Tennessee police department. *Id*. at ¶ 81. The Amended Complaint does not aver the outcome of the criminal complaint.

The instant lawsuit was not the only lawsuit filed about the vitriolic internet interactions between the Kolfage family, Plaintiffs, and other individuals. Prior to the instant lawsuit being filed, Kolfage, Jr., and A. Kolfage themselves had filed a state court lawsuit in Arizona on June 13, 2014

---

[4] Plaintiffs allege that other individuals were also the victims of harassment at the hands of the Kolfage Defendants. *See* Amended Complaint at ¶¶ 62-66. The motions of two of these individuals to intervene in this action were denied. *See* Docket Entry Nos. 87 and 197.

("Arizona Case") against Remington and six other individuals. In the lawsuit, which was later removed to the United States District Court for the District of Arizona, Kolfage, Jr., and A. Kolfage alleged that Remington and the other individuals had engaged in internet harassment against them that was similar in kind to the harassment alleged by Plaintiffs in the instant action. *See Kolfage, et al. v. Caponecchia, et al.*, 2:14-1638 (D. Az. 2014).[5] The Arizona Case involved claims of defamation, intentional infliction of emotional distress, false light, and tortious interference against Remington and the six other defendants. Ultimately, the Arizona Case was resolved via settlement agreements, orders granting motions to dismiss, and the voluntary dismissal of certain defendants.

The Arizona Case was filed by Defendant Elia, an attorney licensed to practice in Arizona. Plaintiffs Remington and Gann assert that Elia furthered and facilitated the campaign of harassment against them by filing the Arizona Case and also attempted to "try the [Arizona case] in the media instead of in court" by discussing the Arizona Case on multiple internet news and other sites and by providing a copy of the complaint to the Arizona new media. *See* Amended Complaint at ¶¶ 79 and 82-84.

## II. PROCEDURAL BACKGROUND

In this lawsuit, Plaintiffs bring eleven causes of action: 1) civil conspiracy; 2) false light; 3) defamation; 4) tortious interference with a business relationship; 5) harassment; 6) intentional infliction of emotional distress; 7) misuse of private information; 8) impersonation; 9) copyright; 10) abuse of process; and 11) unauthorized access to computer systems. *See* Amended Complaint at ¶¶ 89-151.

---

[5] Kolfage, Sr., was not a plaintiff in the Arizona Case.

A flurry of early motions were filed, including motions by Defendants to dismiss the action because of the absence of personal jurisdiction over them. *See* Docket Entry Nos. 3, 35, and 38. By Order entered July 20, 2015 (Docket Entry No. 97) ("July 20, 2015 Order"), the Court denied the motions to dismiss to the extent that they were based on the defense of lack of personal jurisdiction. Defendant Elia's alternative argument for dismissal based on absolute privilege was denied without prejudice. In accordance with the first-to-file doctrine, the Court also granted Plaintiffs' motion to stay and administratively closed the action in light of the Arizona Case, which was still ongoing at the time. *Id*. at 4. All other motions that were pending at the time the stay was entered were denied without prejudice. *Id*.

By Order entered November 23, 2015 (Docket Entry No. 104), the Court granted Plaintiffs' motion to reopen because the Arizona Case had concluded. Subsequent to the reopening of the case, another flurry of motion filing occurred. *See* Orders entered August 31, 2016 (Docket Entry Nos. 195-198). Included in these motions was the motion of Defendant Kuhnen for summary judgment as to the claims against him, which the Court granted by Order entered October 20, 2016 (Docket Entry No. 202). All motions have been addressed except for the pending motion to reconsider and the pending motion to dismiss.

### III. MOTION TO RECONSIDER

Defendants seek reconsideration of the July 20, 2015 Order to the extent that the Court found that personal jurisdiction over them existed and denied their previous motion to dismiss that raised this defense. In their motion, Defendants merely reargue the merits of the underlying issue of whether personal jurisdiction exists and request dismissal of the case on this ground. *See* Docket

5

Entry No. 120. Plaintiffs respond in opposition, arguing that the motion is untimely and is also defective because of misstatements contained in the motion. *See* Docket Entry No. 140. Plaintiffs further argue that Defendants have not shown a basis for reconsideration of the Court's prior decision on the issue of personal jurisdiction. *See* Docket Entry No. 140. Defendants reply by disputing that their motion is untimely or defective. *See* Docket Entry No. 154. They also reassert their contention that Plaintiffs failed to carry their burden of showing that the Court has personal jurisdiction over Defendants and argue that reconsideration of the issue is warranted because the Court, in the July 20, 2015 Order, "did not articulate the legal or factual bases upon which it determined that any of the named Defendants in this matter had sufficient contacts for the Court to assert personal jurisdiction over them." *Id*. at 9.

While the Federal Rules of Civil Procedure do not explicitly address motions to reconsider interlocutory orders, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed.App'x. 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)); *accord In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009). Thus, district courts may "afford such relief from interlocutory orders as justice requires." *Rodriguez*, 89 Fed.App'x. at 959 (internal quotation marks and brackets omitted). "Courts traditionally will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error of law or prevent manifest injustice." *Louisville/Jefferson Cnty., Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez*, 89 Fed.App'x. at 959). A motion to reconsider, however, does not permit a party to simply "reargue its prior

6

position in the hope that the court will change its mind." *Al–Sadoon v. FISI\*Madison Fin. Corp.*, 188 F.Supp.2d 899, 902 (M.D. Tenn. 2002). *See Grogg v. Clark*, No. 2:15-298, 2016 WL 1394534 at \*1 (E.D. Tenn. Apr. 7, 2016); *Mott v. Lucas*, Nos. 1:10-0164 and 1:10-2752, 2011 WL 3705131 at \*2 (N.D. Ohio Aug. 23, 2011).

After review of the parties' filings on the motion to reconsider, the Court finds that Defendants have not shown a basis that justifies reconsideration of the July 20, 2015 Order. Defendants do not argue that an intervening change of controlling law has occurred or that the existence of new evidence requires reconsideration of the July 20, 2015 Order. Nor have Defendants shown that a clear error of law was made by the Court in the July 20, 2015 Order. Although Defendants contend that "justice requires such reconsideration," *see* Docket Entry No. 154 at 9, their contention is essentially based upon their disagreement with the legal conclusions reached by the Court on the personal jurisdiction issue and their belief that the Court's analysis was insufficient. *Id*. However, reconsideration of an order is not justified merely because a party disagrees with a decision of the Court or believes that the decision was based on insufficient legal analysis. *See Starlink Logistics, Inc. v. ACC, LLC*, No. 1:12-0011, 2013 WL 2177908 at \*8 (M.D. Tenn. May 20, 2013) (Trauger, J.) ("While the plaintiff may disagree with the court's decision, that disagreement alone is insufficient to warrant reconsideration.").[6] To the extent that Defendants contend that the Court did not articulate the legal or factual bases supporting its conclusion in the July 20, 2015 Order, the Court disagrees. The July 20, 2015 Order clearly contained the Court's legal and factual analysis of the personal jurisdiction defense at issue and the analysis upon which the Court based its

---

[6] Because the Court finds that the motion to reconsider warrants denial on its merits, it is unnecessary to address Plaintiffs' timeliness or "defects" arguments against the motion.

ultimate conclusion. While the Court did not issue a lengthy order on the issue, its analysis was certainly not perfunctory or so lacking as to be meaningless.

## IV. MOTION TO DISMISS

The Kolfage Defendants argue that Plaintiffs' claims are barred by *res judicata* in light of the dismissal on the merits in the Arizona Case. *See* Memorandum in Support (Docket Entry No. 143) at 6-10. They further argue that Plaintiffs have waived their right to pursue their claims in the instant action because the claims were compulsory counterclaims that should have been raised and litigated in the Arizona Case. *Id*. at 11-14. Defendant Elia argues that he is entitled to an absolute privilege from liability on the claims against him because the factual basis for the claims are actions that he took as the attorney representing Kolfage, Jr., and A. Kolfage in the Arizona Case. *Id*. at 14-16.

Plaintiffs oppose the motion to dismiss, arguing that Defendants are not permitted by Rule 12(g)(2) of the Federal Rules of Civil Procedure to file a second motion to dismiss because they filed a motion for reconsideration of their previously denied motion to dismiss. *See* Response in Opposition (Docket Entry No. 163) at 1-2. They also argue that *res judicata* does not apply and that, regardless, *res judicata* would not bar Plaintiff Gann from pursuing her claims because she was not a party in the Arizona Case. *Id*. at 2-6.

As an initial matter, the Court finds no procedural irregularity with Defendants' motion to dismiss. The Court specifically denied Defendant Elia's prior motion to dismiss without prejudice to the absolute privilege defense and, thus, preserved Defendant Elia's right to raise this defense in a subsequent motion. Additionally, the defenses raised by the Kolfage Defendants in the instant

motion to dismiss were not available at the time they filed their previous motion to dismiss, and Plaintiffs have not set forth any persuasive support for their contention that Rule 12(g)(2) bars the instant motion because Defendants have filed a motion to reconsider the denial of their prior motions to dismiss.

For purposes of a motion to dismiss brought under Rule 12(b)(6), the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, the Court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

In reviewing the motion to dismiss, the Court can consider the orders and docket entries in the Arizona Case without converting the motion to a motion for summary judgment. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (in ruling on a Rule 12(b)(6) motion, the court may "consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies"); *Vaughn v. Metro. Gov't of Nashville & Davidson*

*Cty.*, No. 3:12-01320, 2014 WL 234200, at *3 (M.D. Tenn. Jan. 22, 2014) (Trauger, J.); *Lee v. Dell Products, L.P.*, 236 F.R.D. 358, 361 (M.D. Tenn. 2006).

A. Defendant Elia

The motion to dismiss should be granted as to Defendant Elia. Defendant Elia has set out a legally compelling argument for dismissal of the claims brought against him based on absolute privilege. *See Simpson Strong-Tie Co., Inc. v. Stewart, Estes & Donnell*, 232 S.W.3d 18, 27 (Tenn. 2007). Other than raising the Rule 12(g)(2) argument against the filing of the motion to dismiss, which the Court has found to be unpersuasive, Plaintiffs have not responded to Defendant Elia's argument, *see* Docket Entry No. 163, and have, thus, waived any rebuttal to his legal argument for dismissal. *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision). In the absence of a responsive argument from Plaintiffs showing why their claims against Defendant Elia should not be dismissed, it is not the duty of the Court to find grounds to defeat the motion to dismiss as it pertains to Defendant Elia. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

B. Kolfage Defendants

Plaintiff Remington's claims against Kolfage, Jr., and A. Kolfage are waived because Remington failed to assert the claims as counterclaims in the Arizona Case. Rule 13(a) of the Federal Rules of Civil Procedure provides:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

(B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed.R.Civ.P. 13(a)(1). A "party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974)). *See also Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.*, 214 F.3d 770, 772 (6th Cir. 2000).

After review of the filings in the Arizona Case and Plaintiffs' pleadings in this action, the Court finds that all claims sought to be advanced by Remington against Defendants Kolfage, Jr., and A. Kolfage in this action constitute counterclaims that existed at the time he filed his answer in the Arizona Case.[7] The issues of law and fact raised by Remington's claims are largely the same as those involved in the Arizona Case. Remington's claims clearly have enough of a logical relationship to the transactions and occurrences that were at issue in the Arizona Case to render the claims compulsory counterclaims that should have been raised in the Arizona Case and, thus, are now barred from being heard. *See Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015); *Sanders*, 936 F.2d at 277. Rule 13(a) was designed to encourage judicial efficiency, prevent multiple actions, and resolve in a single lawsuit all disputes arising from a common fact pattern, and is particularly aimed at prohibiting a litigant from pursuing a second action against another party when the litigant could have asserted his claims as counterclaims in the first action. *Southern Constr. Co. v. Pickard*, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962); *Bluegrass Hosiery*, 214 F.3d

---

[7] Remington filed his answer in the Arizona Case on August 18, 2014, 11 days after filing the instant lawsuit. *See* Docket Entry No. 11 *Kolfage, et al. v. Caponecchia, et al.*. A large part of his answer is a verbatim copy of parts of his pleadings in the instant lawsuit.

at 772. These concerns are directly on point with respect to Plaintiff Remington and bar him from proceeding on his claims against Defendants Kolfage, Jr., and A. Kolfage in this case.

However, the language of Rule 13(a) restricts its application to parties who were involved in both lawsuits at issue. Accordingly, because Defendant Kolfage, Sr., was not a party plaintiff in the Arizona Case and was, thus, not an "opposing party" to Remington in the Arizona Case, Remington's claims against Kolfage, Sr., are not waived under Rule 13(a). Similarly, because Plaintiff Gann was not a party in the Arizona Case who filed a pleading, she cannot be said to have waived any claims in the instant action under Rule 13(a).

Plaintiff Gann's status as a non-party in the Arizona Case is also determinative of the *res judicata* defense raised by the Kolfage Defendants against her claims. The doctrine of *res judicata* provides that a final judgment on the merits of an action precludes the "parties or their privies from relitigating issues that were or could have been raised" in a prior action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981)). Claim preclusion, which is the aspect of *res judicata* raised by the Kolfage Defendants, requires a showing of the following four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane*, 71 F.3d at 560.[8]

---

[8] The preclusive effect of a federal-court judgment is determined by federal common law. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 681 F.3d 819, 824 (6th Cir. 2012).

There is no question that Plaintiff Gann was not a party in the Arizona case. Generally, one is not bound by a judgment entered in a case in which he or she was not a party. *Taylor v. Sturgell*, 553 U.S. 880, 884, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). Although a non-party to a prior case may, in some specific situations, be barred by *res judicata* from pursuing claims in the same manner as a party to the prior case, *id*. at 893-95, the Kolfage Defendants do not show that any recognized exception to the general rule applies to Plaintiff Gann based upon the facts of this action or that Gann is in legal privity with Remington. The Kolfage Defendants' rely on two cases[9] from outside the Sixth Circuit as support for the contention that Gann either should have intervened in the Arizona Case or that Remington sufficiently represented Gann in the Arizona case and, thus, *res judicata* should apply to her claims. *See* Defendants' Brief in Support (Docket Entry No. 143) at 7-8. However, the Kolfage Defendants have not shown how the legal propositions in those cases apply to the facts of this action and, further, have not shown how the facts of this action support applying *res judicata* to a nonparty such as Gann under the prevailing precedent within this Circuit. *See generally Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415 (6th Cir. 1999) (a nonparty may be bound by a prior judgment if the nonparty is a successor in interest to a party, if the nonparty controlled the original suit, or if the nonparty is adequately represented by a precluded party). Their reasons for why *res judicata* should apply to Plaintiff Gann are essentially akin to the arguments for "virtual representation" that were rejected in *Taylor*.

The Kolfage Defendants further argue that, 1) the motion filed by Plaintiffs to stay this action pending resolution of the Arizona case indicates Plaintiff Gann's intention to be bound by the

---

[9] *Lynch v. Merrell-Nat'l Labs. Div. of Richardson-Merrell, Inc.*, 646 F. Supp. 856, 865 (D. Mass. 1986) *aff'd sub nom. Lynch v. Merrell-Nat'l Labs., Div. of Richardson-Merrell, Inc.*, 830 F.2d 1190 (1st Cir. 1987), and *Nat'l Wildlife Fed'n v. Gorsuch*, 744 F.2d 963, 791 (3rd Cir. 1984).

process and decision of the Arizona court, and, 2) the Court, in granting the motion to stay, indicated that it was "inclined" to agree that Plaintiff Gann's interests were properly represented and at stake in the Arizona Case. *See* Defendants' Reply (Docket Entry No. 200) at 4. This argument fails. The motion to stay (Docket Entry No. 64) did not indicate an intention, either explicitly or implicitly, on the part of Plaintiff Gann to be bound by the decision in the Arizona Case, and the Court, in granting the stay, did not express any opinion on the preclusive effect of a decision in the Arizona Case. *See* Order entered July 20, 2015 (Docket Entry No. 97) at 4. The Kolfage Defendants' interpretation of these two filings is simply unsupported by the filings themselves. To be sure, Plaintiffs Gann and Remington advance similar claims and have jointly litigated this lawsuit as co-plaintiffs and they have overlapping interests. However, these factors are not themselves sufficient to support claim preclusion against Plaintiff Gann based on the Arizona Case. *See Northeast Ohio Coalition for the Homeless v. Husted*, 837 F.3d 612, 623 (6th Cir. 2016) (nonparties to a prior suit were not bound by the judgment in the prior suit even though they were coparties in a subsequent suit with a party to whom the judgment may have preclusive effect).

The Court acknowledges that the instant lawsuit, when viewed alongside the Arizona Case and the manner in which it proceeded, presents somewhat of a convoluted mess. The Court also wonders why, in light of the instant action, the resolution of the Arizona Case was not structured in a way that made it undisputedly clear that the instant Plaintiffs and the Kolfage Defendants intended to make the resolution of the Arizona Case the full and final resolution of all claims between these parties. Nonetheless, while the Court finds that Rule 13(a) clearly bars some of the claims brought by Plaintiff Remington, the Court does not find that the arguments raised by the Kolfage Defendants

in their motion suffice to meet their burden of showing that the affirmative defense of *res judicata* requires the dismissal of all of the claims brought in this action.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion to reconsider (Docket Entry No. 120) of Defendants Logan Elia, Ashley Kolfage, Brian G. Kolfage, Jr., and Brian G. Kolfage, Sr., be DENIED.

The undersigned Magistrate Judge further respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 142) of Defendants Logan Elia, Ashley Kolfage, Brian G. Kolfage, Jr., and Brian G. Kolfage, Sr., be:

1) GRANTED as to the claims brought against Defendant Logan Elia and these claims be DISMISSED WITH PREJUDICE;

2) GRANTED as to the claims of Plaintiff Darren Remington against Defendants Ashley Kolfage and Brian G. Kolfage, Jr., and these claims be DISMISSED WITH PREJUDICE; and

3) DENIED in all other respects.[10]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

---

[10] If this Report and Recommendation is adopted, the claims remaining in the action would consist of Plaintiff Remington's claims against Defendant Kolfage, Sr., and Plaintiff Gann's claims against the Kolfage Defendants.

*See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge